|  |  |  |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
|  | **NORTHERN DISTRICT OF OHIO** | |
| 2 | **EASTERN DIVISION** | |

| | | |
|---|---|---|
| 3 | **UNITED STATES OF AMERICA,** | **)** **Case No. 1:21-cr-805** |
|  | | **)** **Akron, Ohio** |
| 4 | **Plaintiff,** | **)** **Tuesday, December 14, 2021** |
|  | | **)** **11:45 a.m.** |
| 5 | **vs.** | **)** |
|  | | **)** |
| 6 | **PHILLIP J. AUGUSTIN,** | **)** |
|  | | **)** |
| 7 | **Defendant.** | **)** |

8          **TRANSCRIPT OF PROCEEDINGS**
           **BEFORE THE HONORABLE AMANDA M. KNAPP**
9          **UNITED STATES MAGISTRATE JUDGE**

10          **ARRAIGNMENT AND PLEA HEARING**
            **HELD VIA VIDEOCONFERENCE**

11

**APPEARANCES:**

12

**For the Plaintiff:**
13          Office of the U.S. Attorney
            Northern District of Ohio
14          **By:**  Elliot D. Morrison, Esq.
            Suite 400
15          801 Superior Avenue, W
            Cleveland, Ohio  44113
16          (216) 622-3919
            elliot.morrison@usdoj.gov
17
            AND
18

19

20          **Mary L. Uphold, RDR, CRR**
       Thomas D. Lambros Federal Building and U.S. Courthouse
21          125 Market Street, Room 337
            Youngstown, Ohio  44503-1780
22          (330) 884-7424
            Mary_Uphold@ohnd.uscourts.gov
23

24          Electronic recording transcribed by mechanical
       stenography from a digital audio recording; transcript
25       produced by computer-aided transcription.

1   **APPEARANCES (CONTINUED):**

2        United States Department of Justice
         Fraud Division
3        **By:**  Philip Berkeley Trout, Esq.
         1400 New York Avenue NW
4        Washington, DC  20005
         (202) 616-6989
5        philip.trout@usdoj.gov

6   **For the Defendant:**
         Law Office of Michael C. Grieco
7        **By:**  Michael C. Grieco, Esq.
         Suite 2410
8        175 SW 7th Street
         Miami, Florida  33130
9        (305) 857-0034
         michael@griecolaw.com

10

11                                    - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

<pre>
 1                    P R O C E E D I N G S

 2                          -  -  -

 3              THE CLERK:  This Honorable United States Court for

 4      the Northern District of Ohio is now open for the

 5      transaction of business.  The Honorable Amanda M. Knapp

 6      presiding.

 7              Your Honor, the case before the court carries Case

 8      Number 1:21-cr-805, United States of America versus Phillip

 9      J. Augustin.

10              THE COURT:  All right.  Can I please have some

11      appearances of counsel?

12              MR. MORRISON:  Yes.  Good morning, Your Honor.

13      AUSA Elliot Morrison, joined by DOJ Fraud Section Attorney,

14      Trial Attorney Philip Trout and IRS-CI Special Agent Anthony

15      Pizzola on behalf of the United States.

16              THE COURT:  Good morning.

17              UNIDENTIFIED SPEAKER:  Good morning.

18              UNIDENTIFIED SPEAKER:  Good morning.

19              MR. GRIECO:  And, Judge, on behalf of

20      Mr. Augustin, this is Attorney Michael Grieco.

21              THE COURT:  All right.  And I can see we have

22      Mr. Augustin here as well.

23              THE DEFENDANT:  Yes, Your Honor.

24              THE COURT:  Mr. Augustin -- good morning.

25              THE DEFENDANT:  Good morning.
</pre>

4

1          THE COURT:  Are you able to see and hear all of

2   the participants this morning, sir?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  All right, very good.

5          Mr. Morrison, are you and the other

6   representatives of the United States able to see and hear

7   everyone this morning?

8          MR. MORRISON:  Yes, Your Honor.

9          THE COURT:  Mr. Grieco, are you able to see and

10  hear all of our participants today?

11         MR. GRIECO:  Yes, Your Honor.  Thank you.

12         THE COURT:  All right.  Very good.

13         This proceeding is being conducted by

14  videoconference due to the national emergency caused by the

15  COVID-19 pandemic and pursuant to the authority of the CARES

16  Act and the standing orders of this court.

17         All attorneys are appearing by videoconference, as

18  well as Special Agent Pizzola, and the defendant is also

19  appearing by videoconference.

20         Mr. Augustin, can you tell me where you are

21  located today?

22         THE DEFENDANT:  South Florida.

23         THE COURT:  All right.  Sir, is anyone physically

24  present in the room with you this morning?

25         THE DEFENDANT:  No, Your Honor.

MARY L. UPHOLD, RDR, CRR      (330) 884-7424

1          THE COURT:  All right.  And I realize that I had

2     called you Mr. Augustin.  Is it Mr. Augustin?

3          THE DEFENDANT:  It is Mr. Augustin.

4          THE COURT:  Augustin, got it.

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  I will try -- I will try my best to --

7          THE DEFENDANT:  You did right, that's fine.

8          THE COURT:  All right, Mr. Augustin, very good.

9          All right.  Mr. Augustin, you have a right to have

10    the court address you in person and in open court under Rule

11    11(b) of the Federal Rules of Criminal Procedure for this

12    proceeding, but you can also consent to the use of

13    videoconferencing for this proceeding.

14          Mr. Grieco, have you had an opportunity to talk

15    with Mr. Augustin about -- did I get it right?  See, I've

16    already forgotten, I'm sorry.  Augustin?

17          THE DEFENDANT:  That's fine.  That's fine.  That's

18    fine.

19          THE COURT:  Okay.  Okay.  All right.

20          THE DEFENDANT:  Don't worry.

21          THE COURT:  I won't interrupt anymore with that.

22    All right.

23          Mr. Grieco, have you had an opportunity to talk

24    with Mr. Augustin about his right to appear in person and

25    his ability to consent to a proceeding by video?

6

1          MR. GRIECO:  Yes, Your Honor.

2          THE COURT:  All right.  Mr. Augustin, did you have

3   a chance to talk to Mr. Grieco about those rights?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  All right.  And I have here a waiver

6   of consent to video/teleconferencing, a waiver and consent

7   to video/teleconferencing at the change of plea hearing with

8   a signature overlying "Defendant" and the date December 14th

9   of 2021.

10         Did you sign this consent to proceed with this

11  proceeding by videoconference?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  All right.  And did you have an

14  opportunity to ask Mr. Grieco any questions you had about

15  what it would mean to make that consent?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  And do you consent to appear by

18  video/teleconferencing today?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  All right.  Mr. Grieco, do you consent

21  also to appear by video/teleconference and also stipulate

22  that given the particular facts pertaining to Mr. Augustin,

23  that this felony plea hearing cannot be further delayed

24  without serious harm to the interests of justice?

25         MR. GRIECO:  Yes, Your Honor, so stipulated.

1          THE COURT:  All right.  Mr. Morrison, do you also

2     consent to appear today by videoconference and stipulate

3     that given the particular facts pertaining to Mr. Augustin,

4     this felony plea hearing cannot be further delayed without

5     serious harm to the interests of justice?

6          MR. MORRISON:  Yes, Your Honor, we do, we do

7     consent and stipulate.

8          THE COURT:  Thank you.

9          Based on the parties' stipulations, the general

10    orders of this court and the authority granted to the United

11    States Courts under the CARES Act, I am going to find for

12    the record that this proceeding must be conducted using

13    videoconferencing; that further delay while we await

14    in-person court availability would cause serious harm to the

15    interests of justice; and that appearing in person may

16    jeopardize public health and safety.

17         Mr. Augustin, we are here today for an arraignment

18    and plea hearing.  I have been informed that you wish to

19    plead guilty to Count 1 of the information in this case.

20         Is that correct?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  I further understand that there is a

23    plea agreement that forms the basis for this plea.

24         Is that correct?

25         THE DEFENDANT:  Yes, Your Honor.

8

1          THE COURT:  All right.  As I indicated, this is an

2   arraignment and a plea hearing.  The purpose of the hearing

3   is for me to determine whether you understand the many

4   rights that you will be giving up if you plead guilty in

5   this case.

6          And before I can accept your plea, I must make a

7   determination as to each of the following:

8          First, whether you consent to my taking your plea.

9          Second, whether you are competent to plead at this

10  time.

11          Third, whether you understand the constitutional

12  rights that will be waived if I recommend that your guilty

13  plea be accepted.

14          Further, whether you fully understand the nature

15  of the charges against you, including the maximum potential

16  penalties and any mandatory minimum penalties.

17          Whether there is a factual basis for your plea.

18          And finally, whether your plea is voluntary.

19          You should feel free to ask me questions at any

20  time during today's hearing.  If you don't understanding --

21  if you don't understand anything I have said, I will be

22  happy to offer further explanation.

23          Even though you have expressed an intent to plead

24  guilty, you have a right to change your mind at any time

25  before I accept your plea at the end of this proceeding.

9

1          All right.  Mr. Morrison, is this a matter to

2     which the Crime Victims' Rights Act applies?

3          MR. MORRISON:  No, Your Honor.

4          THE COURT:  All right.  Mr. Augustin, the first

5     matter we must address is your waiver of your right to have

6     this proceeding conducted before an Article III judge.  An

7     Article III judge is a United States district judge, an

8     officer who is appointed under Article III of the United

9     States Constitution for a term of life.

10         I am not a district judge.  I am a magistrate

11    judge, a judge who is appointed for an eight-year term

12    subject to reappointment.

13         Do you understand that I am not a district judge?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Have you discussed with Mr. Grieco

16    that you may consent to have me conduct these proceedings?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Did you conclude that it was in your

19    best interest to proceed before me even though I am not a

20    U.S. district judge?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  All right.  I understand that you have

23    completed a consent to order of referral to the magistrate

24    judge for purposes of receiving your guilty plea.

25         In looking at that form on the second page, I can

1    see a signature over the line "Defendant."  Did you sign

2    that consent form?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Before doing so, did you have an

5    opportunity to talk with Mr. Grieco about what the form

6    would mean and ask him any questions you had about what it

7    would mean to consent to have this conducted by a magistrate

8    judge?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  All right.  Mr. Grieco, did you advise

11   Mr. Augustin in the preparation of the consent form?

12             MR. GRIECO:  Yes, Your Honor.

13             THE COURT:  All right.  All right.  Mr. Augustin,

14   this case is assigned to District Judge Barker.  Do you

15   voluntarily and knowingly give up your right to plead before

16   Judge Barker or another Article III judge, and do you

17   voluntarily consent to appear before me for these

18   proceedings today?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Upon review of the consent form and

21   your answers to my questions here in court, I am going to

22   find your consent is knowing and voluntary.

23             Mr. Augustin, in a moment you will be placed under

24   oath and I will ask you some questions.  An audio recording

25   is being made of my questions and your answers.  It is not a

MARY L. UPHOLD, RDR, CRR        (330) 884-7424

1    video recording.  That means when you give your answers, you

2    need to keep your voice up.  You need to give your answers

3    in words.  Your shake of your head, your "uh-huh" or

4    "huh-uh," it will not be clearly captured on the record what

5    you mean.

6              Do you understand that?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  All right.  If you do not understand

9    any questions I ask, please let me know and I will be happy

10   to clarify.

11             If at any time you want to consult with your

12   attorney, please say so.  You may do so at any time.

13             Do you understand these instructions?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Before we begin, I do want to remind

16   you that you have a right to remain silent under the United

17   States Constitution.  You are not required to make any

18   statements today, but anything you say can be used against

19   you.

20             Before receiving your guilty plea, I will ask you

21   several questions that are to assure that your plea is

22   valid.  By answering the questions, you will be making

23   statements against your interest and you will incriminate

24   yourself.

25             You will also be required to admit your guilt.

MARY L. UPHOLD, RDR, CRR        (330) 884-7424

1          Do you understand that by proceeding here today

2     with a guilty plea, you will necessarily be giving up your

3     right to remain silent?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  All right.  Would the clerk please

6     administer the witness oath?

7          THE CLERK:  Mr. Augustin, if you'd please raise

8     your right hand.

9          (Defendant sworn.)

10          THE COURT:  All right.  Thank you, Mr. Augustin.

11          Now, do you understand you are now under oath to

12     tell the truth?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand that your answers to

15     my questions may be subject to the penalties for perjury if

16     you do not tell the truth?

17          THE DEFENDANT:  Yes, I do, Your Honor.

18          THE COURT:  All right.  So the first thing we need

19     to talk about today is some questions to establish your

20     competence to understand today's proceedings and to enter a

21     knowing guilty plea.  I am going to ask some background

22     questions for that purpose, the first of which is that I

23     would like you please to tell me your full name.

24          THE DEFENDANT:  Phillip Joseph Augustin.

25          THE COURT:  All right.  And what is your age, sir?

1          THE DEFENDANT:  Fifty-two.

2          THE COURT:  Where were you born?

3          THE DEFENDANT:  [Unintelligible], Pennsylvania.

4          THE COURT:  Are you a citizen of the United

5    States?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Where do you live?

8          THE DEFENDANT:  1816 Merion Lane, Coral Springs,

9    Florida.

10         THE COURT:  How far did you go in school?

11         THE DEFENDANT:  I went to half a year in college.

12   I was in the Army.

13         THE COURT:  All right.  You have your -- you have

14   your high school diploma?

15         THE DEFENDANT:  Yes, ma'am.  Yes, Your Honor.

16         THE COURT:  Okay.  Do I understand correctly from

17   your answers to my questions so far that you can both speak

18   and understand the English language?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Are you also able to read and write in

21   English without assistance?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Have you had any recent employment?

24         THE DEFENDANT:  I'm collecting disability from the

25   VA.

14

1      THE COURT:  Okay.  Have you been treated within

2  the last 12 months for mental illness, drug addiction or

3  alcohol addiction?

4      THE DEFENDANT:  Right now I'm doing the alcohol

5  outpatient program with the VA, for my regular -- because I

6  suffer from PTSD, so [unintelligible] alcohol

7  [unintelligible].

8      THE COURT:  All right.  So you're doing outpatient

9  alcohol addiction treatment?

10      THE DEFENDANT:  Yes, Your Honor.

11      THE COURT:  All right.  And then you mentioned

12  that you have a mental -- mental health impairment as well;

13  is that right?

14      THE DEFENDANT:  I have -- I just have PTSD, so I

15  speak to -- in the last -- since 2012, I speak to a

16  psychiatrist twice a year.

17      THE COURT:  All right.  So you see a psychiatrist

18  for your PTSD, and then you're also doing an outpatient

19  program for alcohol addiction?

20      THE DEFENDANT:  Yes.  I said, my probation officer

21  has all that.

22      THE COURT:  Okay.  Is there anything about your

23  mental illness or your alcohol addiction that causes you

24  concern about your ability to understand today's proceeding?

25      THE DEFENDANT:  No, Your Honor.  I understand.

MARY L. UPHOLD, RDR, CRR      (330) 884-7424

15

1          THE COURT:  All right.  In the last 24 hours, have

2     you taken any medication, drugs, alcohol or other substances

3     that might make it difficult for you to understand what's

4     happening here today?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Do you know why you're here today?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Do you understand the purpose of

9     today's proceeding?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Can you please tell me in your words

12     what you understand to be the purpose of today's proceeding?

13          THE DEFENDANT:  To take accountability of the

14     wrongdoings that I did and doing the [unintelligible], to

15     just accept accountability.

16          THE COURT:  All right.  Are you currently on

17     probation, parole or supervised release for any federal,

18     state or other conviction?

19          THE DEFENDANT:  No, just this one.

20          THE COURT:  All right.  Mr. Grieco, have you

21     discussed the case with Mr. Augustin?

22          MR. GRIECO:  Yes, Judge.

23          THE COURT:  And do you believe he understands the

24     nature and purpose of today's proceeding?

25          MR. GRIECO:  Yes, Your Honor.  I have no

1    reservations.

2          THE COURT:  Do you have any concerns about

3    Mr. Augustin's competency to proceed today?

4          THE DEFENDANT:  No, Your Honor, not at all.

5          THE COURT:  All right.  Mr. Morrison, does the

6    United States have any concerns regarding Mr. Augustin's

7    competency to proceed today?

8          MR. MORRISON:  None, Your Honor.

9          THE COURT:  All right.  Mr. Augustin, you've been

10   previously advised of your right to counsel, but I will

11   advise you again here today that you have a right to be

12   represented by counsel at every stage of these proceedings.

13   If you cannot afford an attorney, the court will appoint one

14   to represent you.

15          Do you understand your right to counsel?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  You have retained Mr. Grieco to

18   represent you in the case.  Do you understand that

19   Mr. Grieco is your attorney in this case?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Have you had enough time to talk with

22   Mr. Grieco about the charges against you and your response

23   to those charges?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Have you discussed all of the possible

1    defenses to the charges against you?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Have you told Mr. Grieco everything

4    you know about the case?

5            THE DEFENDANT:  Yes, I have, Your Honor.

6            THE COURT:  Are you completely satisfied with

7    Mr. Grieco's representation and the advice that he has given

8    to you?

9            THE DEFENDANT:  Yes, most definitely, yeah.

10           THE COURT:  All right.  As a reminder, you may

11   stop at any time during today's proceedings to consult with

12   Mr. Grieco.

13           Mr. Grieco, have you had enough time to consult

14   with and prepare Mr. Augustin at each stage of these

15   proceedings?

16           MR. GRIECO:  Yes, Your Honor.

17           THE COURT:  All right.  Mr. Augustin, by pleading

18   guilty, you will be giving up several constitutional rights.

19   Have you reviewed your constitutional rights with your

20   lawyer?

21           THE DEFENDANT:  Yes, we -- yes, I have, Your

22   Honor.

23           THE COURT:  All right.  I do want to briefly

24   review your constitutional rights with you on the record so

25   that I'm satisfied you understand the rights that you will

1    be giving up in these proceedings.

2              The first right I want to talk about is your right

3    to a jury trial.  You have a right to plead not guilty and

4    to require the government to proceed to trial.  You have a

5    right to a speedy trial, either to a court or to a jury, and

6    the right to assistance of counsel at trial.

7              At trial, you will not have to prove that you are

8    innocent.  You will be presumed innocent.  And the

9    government would be required to prove your guilt by

10   competent evidence beyond a reasonable doubt as to each

11   element of the offense charged against you.

12             If your trial was before a jury, prospective

13   jurors would be summonsed to the courthouse and you and your

14   lawyer would have an opportunity to participate in the jury

15   selection process.

16             The members of the jury would have to consider

17   each count separately and agree unanimously on the verdict.

18             Sir, do you understand your right to trial?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Do you understand that by pleading

21   guilty, you will be giving up this right?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  You also have a right to compulsory

24   process.  That is the right to issue subpoenas to require

25   the attendance of witnesses to testify in your defense.

1          Do you understand your right to compulsory

2    process?

3               THE DEFENDANT:  Yes, Your Honor.

4               THE COURT:  Do you understand that you will be

5    giving up that right if you plead guilty?

6               THE DEFENDANT:  Yes, Your Honor.

7               THE COURT:  You also have a right to remain silent

8    at trial.  Now, let me start first -- let me talk about

9    witnesses.

10          You have a right to confront witnesses.  At trial,

11    you would have the right to hear, see and cross-examine all

12    witnesses that the government brings to testify against you.

13          Do you understand your right to confront

14    witnesses?

15               THE DEFENDANT:  Yes, Your Honor.

16               THE COURT:  Do you understand by pleading guilty,

17    you will be giving up that right?

18               THE DEFENDANT:  Yes, Your Honor.

19               THE COURT:  You have a right to remain silent at

20    trial.  Though you would have a right to testify if you

21    chose to do so, you could not be forced or required to

22    testify.  If you chose not to testify, no inference or

23    suggestion of guilt could be drawn from the fact that you

24    did not testify.

25          Do you understand your right to remain silent?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand that you will be

3     giving up that right if you plead guilty?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  As I stated earlier, if you proceed

6     today with your decision to plead guilty, you will give up

7     your right not to incriminate yourself.  In taking your

8     guilty plea, I will need to ask you questions about what you

9     did in order to satisfy myself that you are guilty as

10    charged.  You will also have to acknowledge your guilt to

11    make a valid guilty plea.

12         Do you understand your right not to incriminate

13    yourself?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  And do you understand you will be

16    giving up that right if you plead guilty?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Do you understand that you do not have

19    to plead guilty even if you are guilty?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Do you understand that if you plead

22    guilty, you are waiving all of the rights that I have

23    described, and if your plea is accepted, there will be no

24    trial?

25         THE DEFENDANT:  Yes, Your Honor.

1       THE COURT:  If you plead guilty, I will recommend

2   a finding of guilty be entered, the district judge will

3   consider my recommendation, and if she concurs, she will

4   enter a finding of guilty upon the record and sentence you

5   based on your plea considering -- after considering a

6   presentence investigation.

7       Do you understand that?

8       THE DEFENDANT:  Yes, Your Honor.

9       THE COURT:  Do you also understand that by

10  pleading guilty, you will be deprived of valuable civil

11  rights, either for a period of time or permanently,

12  including the right to vote, the right to hold public office

13  and the right to serve on a jury?

14      Do you understand that?

15      THE DEFENDANT:  Yes, Your Honor.

16      THE COURT:  Do you understand that by pleading

17  guilty to a felony in federal court, you will never again be

18  able to legally possess a firearm?

19      THE DEFENDANT:  Yes, Your Honor.

20      THE COURT:  If you proceed with your guilty plea

21  and the district judge accepts your plea, there will be very

22  limited circumstances under which that plea could be

23  withdrawn.  Legally, the court must be given fair and just

24  reasons for allowing a plea to be withdrawn.  Being

25  disappointed with the sentence imposed is not a fair and

1    just reason for withdrawal.

2            Do you understand that?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  All right.  I also have here a waiver

5    of indictment form with a signature above the defendant's

6    signature.

7            Did you sign that waiver of indictment form?

8            THE DEFENDANT:  Yes, I did, Your Honor.

9            THE COURT:  All right.  Did you discuss with your

10   attorney what it would mean to waive the indictment?

11           THE DEFENDANT:  Yes.  Yes, Your Honor.

12           THE COURT:  Do you understand you have a right to

13   have the charges made against you presented to a grand jury

14   and for the grand jury to decide whether probable cause

15   exists to return an indictment against you?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Do you also understand that by signing

18   that waiver, you will be giving up your right to have the

19   charges presented to the grand jury and to have the grand

20   jury decide whether to return an indictment?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  All right.  Do all counsel have a copy

23   of the information?

24           MR. MORRISON:  Yes, Your Honor.

25           MR. GRIECO:  Yes, Your Honor.  Sorry.  I'm --

1          THE COURT:  Okay.

2          MR. GRIECO:  My camera went off.

3          THE COURT:  All right.  Mr. Augustin, do you also

4    have a copy of the information?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.  I want to review the

7    charge in the information with you, Mr. Augustin.  That is

8    the charge that I understand you wish to plead guilty to.

9    That is Count 1 of the information.  And I believe,

10   Mr. Augustin, you can turn to page 4 of the information and

11   that's where the discussion of Count 1 begins.

12         Count 1 charges you with violating 18 U.S.C. 1349,

13   which pertains to conspiracy to commit wire fraud.

14         Mr. Augustin, have you discussed Count 1 with your

15   attorney?

16         THE DEFENDANT:  Yes, I have, Your Honor.

17         THE COURT:  And do you understand the charge made

18   against you in Count 1?

19         THE DEFENDANT:  Yes.  Yes, I have.

20         THE COURT:  All right.  Now, Mr. Augustin, if

21   you -- if you are able, I'd like you -- we are going to talk

22   a little bit later about the plea agreement, but for your

23   information at this point, I'd like you to turn please to

24   page 5 of the plea agreement.  And do you see the table on

25   that page under "Elements of the Offense"?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Okay.  I just wanted you to have that

3     up for your reference, because I'm now going to ask

4     Mr. Morrison to state the essential elements of the offense

5     that would have to be proven if the matter went to trial.

6          Mr. Morrison, would you -- would you state that,

7     please?

8          MR. MORRISON:  Yes, Your Honor.  The offense of

9     conspiracy to commit wire fraud has two elements.

10          First, that two or more persons conspired or

11     agreed to violate federal drug -- federal laws concerning

12     wire fraud, being 18 U.S.C. Section 1343; and

13          Second, that defendant knowingly and voluntarily

14     joined the conspiracy.

15          And for reference, the object of conspiracy, wire

16     fraud, has four elements that define that offense.

17          First, that a defendant knowingly participated in,

18     or devised or intended to devise a scheme to defraud in

19     order to obtain money or property;

20          Second, that the scheme to defraud included a

21     material misrepresentation or concealment of a material

22     fact;

23          Third, that a defendant had the intent to defraud;

24     and

25          Fourth, that in advancing or furthering or

1    carrying out the scheme to defraud in order to obtain money

2    or property, the defendant transmitted or caused the

3    transmission of any writing, signal or sound by means of a

4    wire, radio, or television communication in interstate

5    commerce.

6              THE COURT:  All right.  Mr. Grieco, did

7    Mr. Morrison adequately describe the essential elements of

8    the offense in this case?

9              MR. GRIECO:  Yes, Your Honor.

10             THE COURT:  All right.  Mr. Augustin, do you

11   understand each of the offense -- excuse me, each of the

12   elements described by Mr. Morrison?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Do you have any questions regarding

15   any of those elements?

16             THE DEFENDANT:  No, Your Honor.

17             THE COURT:  All right.  Mr. Grieco, have you gone

18   over each of the elements of the offense with Mr. Augustin?

19             MR. GRIECO:  Yes, Your Honor.

20             THE COURT:  And do you believe that Mr. Augustin

21   understands those elements?

22             MR. GRIECO:  Yes, Your Honor.

23             THE COURT:  Now, Mr. Augustin, I'm going to next

24   ask Mr. Morrison to recite the penalties associated with the

25   charge to which you intend to plead guilty, but before he

1    does that, sir, I'd like you to turn to page 3 of the plea

2    agreement.  At the top of that page and in the paragraph

3    below, the plea agreement discusses some of these -- some of

4    the potential penalties that would be involved, and I wanted

5    you to have that there in front of you for reference.

6         I'm now going to ask Mr. Morrison to please state

7    any max- -- mandatory minimum penalty, any maximum possible

8    penalty, including imprisonment, fine, term of supervised

9    release, and any applicable forfeiture or other provision.

10        Mr. Morrison, would you state those, please?

11        MR. MORRISON:  Yes, Your Honor.  The offense of

12   conspiracy to commit wire fraud is subject to up to 20 years

13   in prison, up to a fine of either $250,000 or an alternative

14   amount of twice the pecuniary gain or gross pecuniary loss,

15   up to three years' supervised release and a mandatory

16   special assessment of $100.

17        The defendant is also agreeing to forfeiture in

18   the plea agreement, and this offense is subject to

19   forfeiture.

20        I do want to note for the record and apologize to

21   the court and to the defense that I made a typo in paragraph

22   5 of the plea agreement.  The information correctly sets

23   forth the account, the last four account numbers there, the

24   last four numbers of the account in an effort to

25   [unintelligible] that account, and in this document,

1    however, I repeated the 2627.  That is correctly identified

2    in the information, specifically in -- on page 9 of the

3    information, that's page ID 213, ending in 2551.

4           So, and I don't think there's any dispute or

5    confusion about this on the defendant's part.  He did

6    separately execute the referenced turnover agreements on

7    which the full account number is used and which for security

8    reasons I won't put on the record.  But also that document

9    ends in the last four numbers 2551.

10          I don't believe we need to make any other record

11   other than just to acknowledge orally on the record here

12   that there is a typo in the plea agreement, and that the

13   defendant is agreeing to forfeit the account as charged in

14   the information and as agreed in the term of the plea

15   agreement.

16          So the defendant is agreeing to forfeit all

17   contents of two accounts.  First, an account holding

18   approximately $271,588.28, for a Fifth Third Bank account

19   ending in 2627.  And next, the account holding approximately

20   $8,681.07 in a Fifth Third account number ending, not in

21   that same number, but ending in the 2551 as I referenced.

22          And those property are forfeitable under 18 U.S.C.

23   Section 981 and 28 U.S.C. Section 2461.

24          I also reference he has already done what's

25   required as stated in paragraph 7 regarding exceeding the

1    term of the agreement.

2              The defendant could also be subject to cost and

3    will be subject to a restitution order as imposed by the

4    court.  And that's referenced in paragraph 10 here, but

5    additional details are found at the end of the plea

6    agreement, or closer to the end of the plea agreement, I

7    should say.  Specifically, on page 16, beginning at

8    paragraph 57 through page 17, ending in paragraph 59.

9              THE COURT:  Okay.  Thank you very much.

10             So, Mr. Augustin, when we're talking here about

11   the potential penalties, we're talking about -- the

12   information that Mr. Morrison just discussed, we're talking

13   about paragraphs 3 through 10 of the plea agreement.  Do you

14   see those paragraphs in front of you today?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  And did you review those paragraphs

17   with your attorney?

18             THE DEFENDANT:  Yes, Your Honor.  Yes, I did.

19             THE COURT:  And when you initialed the page

20   corners, were you agreeing to the terms of -- that were set

21   forth there?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  All right.  And do you understand that

24   Mr. Morrison has said there needs to be just a technical

25   correction to the account number for this to be accurate?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And do you agree with him that there

3     are two accounts with two different numbers that would be

4     subject to forfeiture in this case?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.  And then I'd like you to

7     turn also to page 16 of the plea agreement.  And on page 16,

8     there's a section begins "Restitution" and there's

9     paragraphs 57 on that page and then 58 and 59 on page 17.

10         Do you see those paragraphs relating to

11    restitution?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  And did you review those paragraphs

14    with your attorney and signify that you agreed to those

15    paragraphs when you initialed those two pages of the plea

16    agreement?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Okay.  Mr. Grieco, has Mr. Morrison

19    accurately described the applicable penalties in this case?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  All right.  Mr. Augustin, do you

22    understand the possible penalties for the charge against

23    you?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  All right.  Do you also understand

1    that restitution may be ordered as a condition of your

2    probation?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Do you understand that depending on

5    your financial status, the court can order you to pay costs

6    of confinement or supervised release?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Do you understand that as a result of

9    your guilty plea, a special assessment of $100 per count

10   must be imposed by the court?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Do you understand that as a result of

13   your plea, you will be required to forfeit property to the

14   government?

15             THE DEFENDANT:  Yes, Your Honor.  You're talking

16   about the accounts, right?

17             THE COURT:  Right, forfeit property to the

18   government, and specifically, it's those two accounts that

19   are referenced in the plea agreement.  And I --

20             Mr. Morrison, is there a possibility of other

21   forfeitures being sought under the plea agreement, or is it

22   just those two accounts?

23             MR. MORRISON:  It's just those two accounts.  It's

24   charged as, you know, all property that's proceeds of,

25   et cetera, and those are the two accounts that we are

1     forfeiting under the plea agreement and nothing else.

2              THE COURT:  All right.  So, Mr. Augustin, do you

3     understand that you will be subject to forfeiture of those

4     two accounts as provided in the plea agreement?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Do you understand that following any

7     prison term, you would be subject to a period of supervised

8     release?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Do you understand if the district

11    judge finds you have violated a condition of your supervised

12    release, she may send you back to prison regardless of how

13    much time in that supervised release you have served before

14    you violated the condition?

15             THE DEFENDANT:  Yes, I have.

16             THE COURT:  Do you understand if the court sends

17    you back to prison for less than two years, it may then

18    enter an order -- impose a further term of supervised

19    release following your imprisonment?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  We have discussed already a little bit

22    the plea agreement.  Mr. Augustin, you have reached a plea

23    agreement with the government; is that right?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And, sir, do you have a copy of that

1    plea agreement?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  All right.  Do the attorneys both have

4    copies of the plea agreement?

5            MR. MORRISON:  Yes, Your Honor.

6            MR. GRIECO:  Yes, Your Honor.

7            THE COURT:  All right.  Mr. Augustin, I'd like you

8    to turn, please, to page 21 of the plea agreement.  It's the

9    signature page.

10            THE DEFENDANT:  Yes, Your Honor.

11            THE COURT:  Okay.  At the top of that page, there

12    is a line that says "Phillip Augustin," and it has the date

13    November 9th, 2021 and a signature.  Is that your signature,

14    sir?

15            THE DEFENDANT:  Yes, it is, Your Honor.

16            THE COURT:  All right.  And all of the pages

17    prior, pages 1 through -- 1 through 20 of the plea

18    agreement, in the lower right-hand corner there are the

19    initials handwritten PA.

20            Did you handwrite those initials on every page of

21    the plea agreement?

22            THE DEFENDANT:  Yes, Your Honor.

23            THE COURT:  When you added your initials to those

24    pages, was that to signify that you had reviewed all of the

25    contents of that page and discussed it with your attorney?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And when you initialed those pages and

3    signed the plea agreement, was that signifying that you

4    agreed to all of the terms of the plea agreement?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.  Have you had the

7    opportunity to read every part of the plea agreement and

8    discuss its meaning with your attorney?

9          THE DEFENDANT:  Yes, I did, Your Honor, a few

10   times.

11         THE COURT:  Did you -- do you understand the terms

12   of the plea agreement?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  All right.  Mr. Morrison, keeping in

15   mind that Mr. Augustin has reviewed in depth and agreed to

16   the specific terms of the plea agreement, would you please

17   briefly set forth the substance of the plea agreement?

18         MR. MORRISON:  Yes, Your Honor.

19          In this plea agreement, the defendant is agreeing

20   to plead guilty to the information in this case, and the

21   government is agreeing not to bring any other charges

22   against the defendant for violations known to our offices on

23   the date of the execution of the agreement as it relates to

24   the investigation.

25          The defendant is also agreeing to the forfeiture

1  as you just discussed as charged in the information against

2  him.

3          We have agreed to certain sentencing stipulations,

4  specifically to certain stipulated offense level

5  calculations.  Those total up to an offense level before

6  acceptance of responsibility of 35 under Section 2B1.1 of

7  the guidelines and 2C1.1.  And those are only stipulated

8  recommendations to the district court, which will

9  independently determine the correct offense level.

10          The government agrees as of now, the defendant

11  qualifies for the three-level reduction for acceptance of

12  responsibility and has no reason to believe that it will not

13  move for that reduction at the time of sentencing.

14          And the parties have no agreement regarding

15  criminal history.

16          There is the defendant's agreement to waive any

17  right to appeal the conviction or sentence in this matter or

18  to otherwise attack it by a post-conviction motion save for

19  those specifically reserved in paragraph 23 of the plea

20  agreement, and specifically as it concerns his right to

21  appeal any sentence that exceeds the maximum of the

22  sentencing imprisonment range determined under the

23  guidelines using the stipulations and computations in this

24  plea agreement and the criminal history category as

25  determined by the court.

35

1          There is a lengthy factual basis that will be

2    stipulated to, which is only some of the facts that the

3    defendant agrees are true in this matter.

4          The defendant also agrees to pay restitution, as

5    we covered.

6          The defendant acknowledges the venue likely exists

7    here, but to the extent there's any dispute, he agrees to

8    waive any challenge he might have to venue.

9          And I think that would suffice as a summary of the

10   plea agreement's most important terms.

11          THE COURT:  All right.  Thank you.

12          Mr. Grieco, do you -- do you agree that

13   Mr. Morrison has accurately described the general substance

14   of the plea agreement?

15          MR. GRIECO:  Yes, Your Honor.

16          THE COURT:  All right.  Mr. Augustin, has anyone,

17   and this would include your attorney, attorney for the

18   government or the court, has anyone made any promise to you

19   other than what is made in the plea agreement that persuaded

20   or helped persuade you to plead guilty in this case?

21          THE DEFENDANT:  No, Your Honor.

22          THE COURT:  All right.  I'd like you,

23   Mr. Augustin, please to turn to page 7 of the plea

24   agreement, particularly to paragraph 23, which is labeled

25   "Waiver of Appeal and Post-Conviction Attack."

1          Do you see that paragraph?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Did you review and discuss that

4    paragraph with your attorney before agreeing to those terms?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.  As Mr. Morrison has

7    discussed, that paragraph limits your ability to appeal

8    any -- to appeal the guilty plea in this case.

9          Do you understand that if I recommend acceptance

10    of this agreement and the district judge accepts my

11    recommendation, that you cannot appeal your sentence except

12    as permitted under paragraph 23?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Do you also understand if I recommend

15    acceptance of this agreement and the district judge accepts

16    my recommendation, you cannot contest your sentence by any

17    post-conviction proceedings except as permitted by paragraph

18    23?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Do you further understand that under

21    some circumstances, the government may have the right to

22    appeal any sentence imposed?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  All right.  Mr. Augustin, have you and

25    your lawyer talked about how the sentencing guidelines might

1    apply in your case?

2             THE DEFENDANT:  Yes, Your Honor.

3             THE COURT:  All right.  I'd like you to turn

4    please, sir, to page 5 of the plea agreement.  And there is

5    a section there titled "Sentencing Stipulations and

6    Agreements" above paragraph 16.

7             Do you see that page?

8             THE DEFENDANT:  Yes, Your Honor.

9             THE COURT:  All right.  And then if you follow

10   that through to pages 6 and 7, paragraphs 16 through 22,

11   those are the paragraphs that are in the category

12   "Sentencing Stipulations and Agreements."

13            Did you discuss each of those paragraphs with your

14   lawyer?

15            THE DEFENDANT:  Yes, Your Honor.

16            THE COURT:  All right.  And by agreeing to the

17   plea agreement, did you agree to the terms in those

18   paragraphs?

19            THE DEFENDANT:  Yes, Your Honor.

20            THE COURT:  Okay.  Do you understand that those

21   paragraphs address the application of the sentencing

22   guidelines in your case?

23            THE DEFENDANT:  Yes, Your Honor.

24            THE COURT:  Do you understand that there is no

25   agreement between you and the government as to what criminal

1    history category applies in your case, and that the district

2    court will determine what criminal history category will

3    apply after receiving a presentence report?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  Do you understand that federal

6    sentencing law requires the court to impose a sentence that

7    is reasonable and that the court must consider the advisory

8    United States Sentencing Guidelines in determining what is a

9    reasonable sentence?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  Do you understand that sentencing

12   rests within the discretion of the court?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  Do you understand the court will

15   determine the advisory United States Sentencing Guidelines

16   imprisonment range that applies in your case after a

17   presentence report has been prepared by the U.S. Probation

18   Office and reviewed by the parties?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  Do you understand that the court must

21   consider the sentencing factors under 18 U.S.C. 3553(a) in

22   determining your sentence?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  Do you understand that any

25   recommendations contained in the plea agreement are not

1    binding on the court, and the court may impose any sentence

2    provided by law?

3                THE DEFENDANT:  Yes, Your Honor.

4                THE COURT:  Do you understand that under federal

5    sentencing law, after the court determines what guideline

6    range applies in a case, the judge has the authority to

7    sentence you to a longer or shorter period than what is

8    recommended in the guidelines?

9                THE DEFENDANT:  Yes, Your Honor.

10                THE COURT:  Do you understand that the court alone

11    will decide the applicable sentencing range, including

12    whether there is any basis to depart from that range or

13    impose a sentence outside of the guidelines, and will

14    determine what sentence to impose?

15                THE DEFENDANT:  Yes, Your Honor.

16                THE COURT:  Do you understand the sentence the

17    court imposes may be different from any estimate that your

18    attorney has given you?

19                THE DEFENDANT:  Yes, Your Honor.

20                THE COURT:  Do you also understand that if the

21    sentence is more severe than you expected, you will still be

22    bound by your plea and will not have the ability to withdraw

23    it?

24                THE DEFENDANT:  Yes, Your Honor.

25                THE COURT:  Do you also understand that parole has

1  been abolished, and if you are sentenced to prison, you will

2  not be released on parole?

3  THE DEFENDANT:  Yes, Your Honor.

4  THE COURT:  All right.  Have you -- having

5  discussed these rights with you, do you still wish to

6  proceed with your guilty plea?

7  THE DEFENDANT:  Yes, Your Honor.

8  THE COURT:  All right.  Mr. Augustin, I'm now

9  going to ask the U.S. Attorney to review the portion of the

10  plea agreement where you stipulate to the facts as they

11  relate to your conduct as charged in the information.

12  I'm going to ask him to briefly summarize the

13  facts that the government believes could be proven by beyond

14  a reasonable doubt if the matter went to trial.

15  And after he does so, I am going to ask you if

16  there are any facts in the plea agreement that you disagree

17  with, and I will give you the opportunity to correct any

18  facts you believe may be incorrect.

19  THE DEFENDANT:  Okay.

20  THE COURT:  Before we do that, Mr. Augustin, I

21  would like to direct your attention to page 8 of the plea

22  agreement.  Beginning on page 8 and continuing through page

23  16 of the plea agreement, paragraphs 25 through 56 of the

24  plea agreement discuss the factual basis as stipulated in

25  the plea agreement.

1     Would you please briefly, Mr. Augustin, look at

2  those paragraphs 25 to 56 to confirm that you recall looking

3  at them when you signed the agreement?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  All right.  And when you initialed

6  those pages, was that to stipulate that you agreed to the

7  facts that were stated in the plea agreement?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  All right.  Mr. Morrison,

10  understanding that the facts are set forth specifically

11  within the plea agreement, would you please briefly and

12  generally summarize the fact admissions that are set forth

13  in the plea agreement?

14          MR. MORRISON:  Yes, Your Honor.

15     The defendant and the government stipulate that

16  from approximately March 2020 and through July of 2020, he

17  did conspire with a number of individuals, including his

18  codefendant, James Richard Stote, to commit fraud by

19  interstate and wire communications, specifically, wire

20  communications with confederate followers and with each

21  other about submitting fraudulent Paycheck Protection

22  Program, PPP, loan applications.

23     As part of this scheme, the defendant and

24  Mr. Stote devised a scheme to submit these falsified

25  applications with falsified tax forms and other documents,

MARY L. UPHOLD, RDR, CRR          (330) 884-7424

42

1    such as bank statements.  And Mr. Augustin's primary role on

2    this scheme was in recruiting additional confederate

3    followers.  And the arrangement was for them to agree to

4    receive these fraudulent loans of hundreds of thousands of

5    dollars in exchange for paying Mr. Stote and Mr. Augustin a

6    fee, or a percentage of the amount of the loan.

7              And in furtherance of that scheme, they sent a

8    number of interstate wire communications, including to

9    confederate followers, including a confederate follower in

10   the Northern District of Ohio, Eastern Division.  And they

11   communicated with each other as well through interstate

12   communications, and submitted these fraudulent loan

13   applications through interstate wire communications.

14             And that as a result of defendant's conduct, and

15   the conduct of the coconspirators, that was reasonably

16   foreseeable to him application materials for at least 34 PPP

17   loans worth at least 15 million, approximately, dollars were

18   submitted with additional applications planned to be

19   submitted.

20             THE COURT:  All right.  Thank you.

21             Mr. Grieco, do you agree that Mr. Morrison has

22   accurately given a general summary of the facts addressed in

23   the plea agreement?

24             MR. GRIECO:  Yes, Your Honor.

25             THE COURT:  All right.  Mr. Augustin, after

1    reviewing the paragraph that you agreed to in the plea

2    agreement and hearing Mr. Morrison's general description, do

3    you agree with all of the facts as stated in the plea

4    agreement in those paragraphs that I just pointed out to

5    you?

6                THE DEFENDANT:  Yes, Your Honor.

7                THE COURT:  All right.  Do you admit that the

8    facts that are stated in the plea agreement are true?

9                THE DEFENDANT:  Yes, Your Honor.

10               THE COURT:  Mr. Morrison, at this point, is there

11   any right or are there any procedural provisions that I have

12   failed to account for prior to receiving Mr. Augustin's

13   plea?

14               MR. MORRISON:  No, Your Honor.  Thank you very

15   much for a fair hearing.

16               THE COURT:  All right.  Mr. Grieco, from the

17   defense perspective, is there any right or are there any

18   procedural provisions that I have failed to account for

19   prior to receiving Mr. Augustin's plea?

20               MR. GRIECO:  No, Your Honor.  We're prepared to

21   proceed.

22               THE COURT:  All right.  Very good.

23               Mr. Augustin, I'm now prepared to receive your

24   plea.  Do you want to confer with your attorney before we

25   proceed?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  All right.  Do you have any questions

3     for me before I ask you what your plea is?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  Now that I have advised you of your

6     rights and have received evidence as to your competence and

7     as to the factual basis for your plea, Mr. Augustin, how do

8     you plead to Count 1 of the information, guilty or not

9     guilty?

10          THE DEFENDANT:  I plead guilty.

11          THE COURT:  Now, are you pleading guilty to the

12     offense charged in Count 1 of the information because you

13     are in fact guilty of that offense?

14          THE DEFENDANT:  Yes, and I just want to take

15     accountability for my wrongdoing.

16          THE COURT:  Mr. Augustin, I've considered your

17     testimony and your acknowledgement that you are guilty as

18     charged in Count 1 of the information, that there is an

19     adequate factual basis for your plea, that you have had the

20     assistance of an able lawyer, that you know your

21     constitutional right to a trial and knowing you waived those

22     rights, and that you know the maximum possible punishment

23     and the advisory sentencing guidelines recommendations, I

24     hereby make the following findings:

25          I find that Mr. Augustin is fully competent to and

1   capable of entering an informed plea.

2          That he is aware of the nature of the charges

3   brought against him and the consequences of his plea.

4          That there is a factual basis for his plea.

5          That his plea of guilty to the offense charged in

6   Count 1 of the information is a knowing and voluntary plea

7   supported by an independent basis in fact containing each of

8   the essential elements of the offense charged.

9          I therefore will recommend to District Judge

10  Barker that she approve the plea agreement, that she accept

11  Mr. Augustin's plea, and that she adjudge him guilty of the

12  offense charged in Count 1 of the information.

13         Mr. Augustin, to expedite the completion of the

14  case, the matter will be immediately referred to the United

15  States Probation Office for the preparation of a presentence

16  report.

17         Mr. Augustin, it is in your best interest to

18  cooperate with the probation officer fully and completely in

19  furnishing information for that report since that report

20  will be important in the decision as to what your sentence

21  will be.

22         The presentence report will inform the district

23  judge application of the 3553(a) factors and her obligation

24  to impose a sentence that is sufficient, but not greater

25  than necessary.

46

1          You and your counsel will have the right and the

2     opportunity to examine that presentence report and to

3     comment on it at the time of sentencing.

4          You will have the right to be reasonably heard

5     before your sentencing, and therefore, will be permitted to

6     speak at your sentencing if you desire to do so.

7          A question for the clerk.  Do we have a

8     disposition sentencing date currently?

9          THE CLERK:  No, Your Honor, we do not.

10          THE COURT:  All right.  The disposition sentencing

11     will be set by Judge Barker.

12          The defendant will remain on bond subject to the

13     conditions that were previously set.

14          Mr. Augustin, let me remind you that a failure to

15     appear at your sentencing hearing is a separate criminal

16     offense for which the penalties are severe.  Also, if you

17     commit a crime while you are on release, you may be subject

18     to more severe penalties than those imposed on other people

19     who commit the same crime.

20          Further, if any condition of release that was

21     previously set, those will all remain in full force and

22     effect.  And if you violate any of those conditions, that

23     could also subject you to severe penalties.

24          Do you understand all that I've told you?

25          THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  All right.  Mr. Morrison, is there

2    anything further on behalf of the United States?

3          MR. MORRISON:  No.  Thank you very much, Your

4    Honor.

5          THE COURT:  All right.  Mr. Grieco, anything

6    further on behalf of the defense?

7          MR. GRIECO:  No, Your Honor.  Thank you.

8          THE COURT:  Mr. Augustin, do you understand

9    everything that has just occurred?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Do you have any questions for me

12    before we conclude?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  All right.  Thank you all.  We're

15    adjourned.

16       (Thereupon, proceedings concluded at 12:38 p.m.)

17                          - - -

18
                    C E R T I F I C A T E
19

          I certify that the foregoing is a correct transcript,
20    to the best of my ability, transcribed from a digital audio
      recording from the record of proceedings in the
21    above-entitled matter.

22
                    /s/ Mary L. Uphold        December 27, 2021
23                  Mary L. Uphold, RDR, CRR      Date

24

25