IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-CR-00805 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| PHILLIP J. AUGUSTIN, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently before the Court is Defendant's Motion Requesting Correction of "Clerical Errors" in the Record and Presentence Report Pursuant to Rule 36 of the Federal Rules of Criminal Procedure filed on June 26, 2023 ("Defendant's Motion"). (Doc. No. 89.)  On July 5, 2023, the United States filed the Government's Response in Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 91.)  On July 10, 2023, Defendant filed a Reply Motion to the Government's Motion ("Defendant's Reply"). (Doc. No. 92.)  Thus, Defendant's Motion is ripe for a decision.

In Defendant's Motion, Defendant argues that there are "clerical errors" in the Presentence Investigation Report and, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, asks that the Court correct them.  Having read Defendant's Motion, to include Defendant's citation to, and reliance upon the United States Supreme Court's decision in *Kisor v. Wilkie*, 139 S.Ct. 2400 (2019), the Sixth Circuit Court of Appeals decisions in *United States v. Riccardi*, 989 F.3d 476 (6th Cir. 2021) and *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), and the Third Circuit Court of Appeals' decision in *United States v. Banks*, 55 F. 4th 246 (3d Cir. 2022), the Court interprets

Defendant's Motion as arguing that the probation officer was incorrect in using the calculated $25,342,563 "intended loss" amount to apply a 20 level increase in his total offense level.[1]

In the Government's Response, the Government asserts that through the filing of Defendant's Motion, Defendant, while "purportedly seeking to amend/correct a clerical error in the presentence report," is "actually asking for resentencing and attacking the guidelines calculation to which he had stipulated." (Doc. No. 91, PageID # 900.)

In Defendant's Reply, Defendant disagrees with the Government's characterization of the relief he seeks by filing his Motion, and in attempting to clarify the relief he seeks, asserts the following:

> Augustin's motion is clear and unequivocally does not complain, argue, or challenge **the calculation of his sentence** and neither does he argue about the execution of his sentence **or that his sentence should be lowered from 78 months**. Augustin simply argues that his presentence report contain clerical errors and is defective, thus he request the Court, "in an abundance of caution," to correct errors and mistakes in his presentence report "which are not in compliance and accordance with the law of the Sixth Circuit as instructed by United States v. Havis, 927 F.3d 832 (6th Cir. 2019) (en banc) and United States v. Riccardi, 989 F.3d 476 (6th Cir. 2021)." *** United States v. Banks, 55 F.4th 246 (3rd Cir. 2022)(Commentary binds courts only "if the guideline which the commentary interprets will bear the construction"); *** **Therefore, if the presentence report is not in compliance and accordance with circuit law, the contents thereof is erroneous and defective and must be corrected, in that,** *forcing Augustin to spend years longer in prison* '**solely due to data entry errors' made by a probation officer for which he had no responsibility, serves no legal, judicial, or public interest, 'is manifestly unjust.'"

(Doc. No. 92, PageID #s 913-14.) (Spelling, punctuation, and grammar as in original.) (Emphasis added by bold print and/or italics.)

---

[1] In the written plea agreement, Defendant stipulated to the application of this specific offense characteristic pursuant to USSG § 2B1.1(b)(1)(K), with the concomitant 20 level increase in Defendant's offense level. (Doc. No. 58, PageID # 409.)

Thus, within the same paragraph in Defendant's Reply, Defendant initially asserts that he is not seeking to have his sentence lowered, but later asserts that a clerical error should be corrected so that he is not forced "to spend longer years in prison…." However, regardless of whether the relief Defendant seeks is just correction of a clerical error pursuant to Rule 36, or a resentencing based upon an incorrect Guidelines calculation, he is entitled to neither, based upon the Sixth Circuit Court of Appeals' decision in *United States v. You,* --- F. 4th ---, 2023 WL 4446497 (6th Cir. July 11, 2023).

In *You*, the Court explained that "[f]or theft and fraud offenses, the Guidelines instruct courts to increase a defendant's Guidelines offense level 'in incremental amounts based on the 'loss' from the offense'," quoting U.S.S.G. § 2B1.1(b)(1); and noted that that section does not define "loss", but that "[t]he Sentencing Commission's Guidelines commentary [specifically U.S.S. G. § 2B1.1 cmt. N.3(A)] explains that, generally, loss is the 'greater of actual loss or intended loss.'" *Id*. at * 12. The Court also explained that "[t]he commentary defines 'actual loss' as the 'reasonably foreseeable pecuniary harm that resulted from the offense,' *id. §* 2B1.1 cmt. N.3(A)(i) and 'intended loss' as 'the pecuniary harm that the defendant purposely sought to inflict,' *id.* § 2B1.1 cmt. N.3(A)(ii).'" *Id.*

After applying the framework in *Kisor* to determine whether to defer to the Guidelines commentary, the Court concluded that it would defer to the Sentencing Commission's interpretation of "loss", found as unpersuasive the Third Circuit case of *United States v. Banks*, and concluded that the district court had properly considered the intended loss in calculating the defendant's Guidelines range. *Id*. at * 12-13. Accordingly, the Court finds that there is no clerical error in the presentence investigation report that needs to be corrected, and certainly no basis upon which to conclude that Defendant is entitled to a new sentencing hearing.

Therefore, Defendant's Motion is DENIED.

3

**IT IS SO ORDERED.**

Date: July 13, 2023

                                             *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE